**Robert D. JENKINS, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9606–CR–198.

Court of Appeals of Indiana.

March 27, 1997.

Anthony V. Luber, South Bend, for appellant–defendant.

Pamela Carter, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for appellee–plaintiff.

## OPINION

STATON, Judge.

A jury convicted Robert D. Jenkins of carrying a handgun without a license [1] and battery.[2] Jenkins presents five issues on appeal which we restate as:

 I. Whether the trial court erred by admitting a photographic array.

---

**1.** IND.CODE § 35–47–2–1 (1993).

**2.** IND.CODE § 35–42–2–1 (Supp.1995).

II. Whether the trial court erred by permitting cross-examination of Jenkins regarding a prior robbery conviction.

III. Whether the trial court's instruction on credibility of witnesses was erroneous.

IV. Whether the trial court erroneously enhanced carrying a handgun without a license from a class A misdemeanor to a class C felony.

V. Whether the evidence is sufficient to support Jenkins' convictions.

We affirm.

The facts most favorable to the verdicts are that on August 8, 1995, the victim was shot during a confrontation with several men. The victim stated that "Robert" shot him and later picked Jenkins out of a photo array. Early the next morning, Officer Bancroft spotted Jenkins, arrested him and recovered a .22 calibre revolver and ammunition from him.

## I.

### *Photograph Array*

At trial, the State was permitted to introduce, over objection, the photographic array used to identify Jenkins as the assailant. The array consisted of "mug shots" of Jenkins and five other men. According to Jenkins, this evidence was highly prejudicial since it suggested to the jury that he had a criminal record.

■ "Mug shots" are not *per se* inadmissible. *Andrews v. State*, 536 N.E.2d 507, 509 (Ind.1989). Instead, they are admissible if 1) they are not unduly prejudicial, and 2) they have substantial independent probative value. *Id.* When the State has made an effort to disguise the nature of the photographs by redacting criminal information and any other information which obviously identifies the photograph as a "mug shot," the photograph is not unduly prejudicial. *Id.* at 509–10. In addition, when the perpetrator's

identification is at issue, the photographs have probative value. *Graves v. State*, 496 N.E.2d 383, 387 (Ind.1986).

■ In this case, the State redacted all information which would have identified these photographs as "mug shots." The photographs contained no name, identification number or other indication of prior arrest. *See Stark v. State*, 489 N.E.2d 43, 46 (Ind. 1986), (photos without name, identification or indication of arrest do not fall within classic definition of "mug shot"). No witness explicitly testified that the photograph was a "mug shot" from police files.[3] Too, the photographic array was highly probative. Jenkins presented an alibi defense that he was at a hospital when the shooting occurred, putting identity of the assailant directly in issue. Under these circumstances, the trial court did not err by admitting the photographic array.

## II.

### *Prior Robbery Conviction*

■ At trial, the State was permitted to question Jenkins, on cross-examination, concerning a prior robbery conviction under Indiana Rule of Evidence 609. Jenkins contends that the trial court is required to undertake a Rule 403 balancing analysis before this evidence may be introduced. We disagree.

Indiana Rule of Evidence 609(a) states, in relevant part, that "For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime *shall* be admitted but only if the crime committed or attempted is," *inter alia*, robbery. Ind. Evidence Rule 609(a) (emphasis added). Evid. R. 609(a) differs from its federal counterpart in that the federal rule expressly states that evidence of a past conviction shall be admitted "subject to Rule 403." FED. R. EVID. 609(a)(1). The difference is not accidental.

---

3. Jenkins argues that a police officer's testimony that the photos were taken from "our" files amounted to telling the jury that the photos were "mug shots." However, this statement is not an unequivocal reference to "mug shots" such that it was likely to have a significant impact upon the jury. This reference to where the photographs were obtained is insufficient to warrant a mistrial. *See, e.g., Walker v. State*, 497 N.E.2d 543, 544 (Ind.1986); *Conley v. State*, 445 N.E.2d 103, 104 (Ind.1983).

Indiana has specifically rejected this part of the federal rule with the intention of preserving prior Indiana law in this area. Evid. R. 609 Committee Commentary Subsection (a); *Pierce v. State*, 640 N.E.2d 730, 732 (Ind.Ct. App.1994), *trans. denied* (Evid. Rule 609(a) embodies principles from *Ashton v. Anderson*, 258 Ind. 51, 279 N.E.2d 210 (1972)). Prior Indiana law holds that admission of Rule 609 evidence is not subject to trial court discretion. "[W]e see little wisdom in permitting the exclusion of such evidence to rest in the sound discretion of the trial court. Simply stated, either the particular criminal conviction reflects on the witness' credibility for truth and veracity, or it does not." *Ashton, supra* at 216. *See also* 13 ROBERT L. MILLER, JR., INDIANA PRACTICE § 609.101 (2d ed. 1995). Accordingly, the trial court did not err by failing to undertake an Evid. R. 403 balancing analysis.

### III.

#### *Jury Instruction*

Jenkins next claims error in a jury instruction. The challenged instruction reads:

> You are the exclusive judges of the evidence, the credibility of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness in light of all of the evidence in this case.
>
> You should attempt to fit the evidence to the presumption that the Defendant is innocent *and the theory that every witness is telling the truth.* You should not disregard the testimony of any witness without a reason and without careful consideration. If you find conflicting testimony you must determine which of the witnesses you will believe and which of them you will disbelieve.
>
> In weighing the testimony to determine what or whom you will believe, you should use your own knowledge, experience and common sense gained from day to day living. The number of witnesses who testify to a particular fact, or the quantity of evidence on a particular point need not control your determination of the truth. You should give the greatest weight to that evidence which convinces you most strongly of its truthfulness.

Record at 60 (emphasis added). Jenkins argues that the emphasized language told the jury to presume the witnesses were telling the truth, thus invading the jury's province to determine what evidence to believe. We disagree.

Instructing the jury lies solely within the discretion of the trial court. *Marshall v. State*, 621 N.E.2d 308, 320 (Ind.1993). In reviewing the effect of an erroneous instruction, we must determine whether, in the context of the entire proceeding, the instruction so infected the entire trial that the resulting conviction violated due process. *Hough v. State*, 560 N.E.2d 511, 520 (Ind. 1990). When reviewing jury instructions, this court does not look at each instruction in isolation. Instead, the jury instructions are read as a whole and in reference to each other. *Bonham v. State*, 644 N.E.2d 1223, 1227 (Ind.1994), *reh. denied.*

The instruction at issue here, which is the pattern jury instruction on credibility, is a correct statement of the law and has been explicitly approved by the Indiana Supreme Court. *See Sweany v. State*, 607 N.E.2d 387, 389 (Ind.1993). Moreover, when reading the instruction as a whole, the jury is not forced to determine that all witnesses are truthful. Instead, the jury is told to presume that each witness is telling the truth and that they should attempt to fit the evidence into that presumption. In so doing, the jury must take into account several factors. It is only if the evidence cannot be reconciled that the jury should choose between the conflicting testimony. Thus, when the instruction is read as a whole, it does not mislead the jury as to the applicable law. *Marshall, supra*, at 320. The trial court committed no error in instructing the jury on credibility.

## IV.

### *Enhancement of Carrying Handgun*

Jenkins' offense of carrying a handgun without a license was elevated to a class C felony. Carrying a handgun without a license is generally a class A misdemeanor, but is elevated to a class C felony if, *inter alia*, the person "has been convicted of a felony within fifteen (15) years before the date of the offense." Ind.Code § 35–47–2–23(c)(2)(B) (Supp.1994). Jenkins pled guilty to robbery on June 16, 1982 for an incident occurring in May 1979. Jenkins argues that his offense was improperly elevated since the fifteen years begins to run when the offense is committed rather than upon conviction for the offense. We disagree.

 We may not interpret a statute which is clear and unambiguous on its face. *Mitchell v. State,* 659 N.E.2d 112, 114–15 (Ind.1995). When a statute is clear and unambiguous, there is no need to apply any rules of construction other than requiring words and phrases to be taken in their plain, ordinary and usual sense. *Benham v. State,* 637 N.E.2d 133, 136 (Ind.1994). We discern no ambiguity in IC 35–47–2–23(c)(2)(B). This section clearly states that the offense is elevated if the defendant has been *convicted* of a felony within fifteen years. Jenkins' prior conviction was in June 1982. Accordingly, the trial court did not err by elevating this offense to a class C felony.

## V.

### *Sufficiency of Evidence*

Jenkins contends the evidence is insufficient to convict him on either charge. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

 It is within the province of the fact-finder to assess the truth and veracity of the witnesses' testimony. *Wear v. State,* 593 N.E.2d 1179, 1179 (Ind.1992). We will not impinge on the jury's resolution of these credibility disputes unless confronted with testimony of inherent improbability, or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Stout v. State,* 612 N.E.2d 1076, 1080 (Ind.Ct.App. 1993), *trans. denied.* We will only overturn a conviction where a victim's testimony is so incredibly dubious or inherently improbable that it runs counter to human experience, and no reasonable person could believe it. *Id.* at 1080–81.

 Regarding the battery conviction, Jenkins argues there is insufficient evidence to identify him as the assailant. After the shooting, the victim stated Robert shot me, not knowing his assailant's last name. Later, the victim picked Jenkins out of a photo array. Jenkins claims this evidence is insufficient to overcome the evidence he presented which consists of confusion as to the assailant's identity at the scene of the crime and an alibi, corroborated by two witnesses, that he was at a hospital during the time of the shooting. However, the jury heard this testimony and is free to choose whom to believe. *Wear, supra.* This is simply an invitation to reweigh the evidence which we will not do. *Jordan, supra.*

 As to the carrying a handgun charge, Jenkins contends that he was carrying the handgun out of necessity. Jenkins testified that just before being stopped, he took the gun from a woman to prevent her from using it on another person during an argument. However, the woman denied that Jenkins took the gun from her or that she was having an argument with a third person. Jenkins again asks us to reweigh this conflicting evidence which we will not do. *Id.* There is sufficient evidence of probative value to support Jenkins' convictions.

Affirmed.

HOFFMAN and ROBERTSON, JJ., concur.