**Ulises LEDO, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 02S00–9904–CR–266.

Supreme Court of Indiana.

Feb. 7, 2001.

Charles F. Leonard, Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Ulises Ledo was convicted of felony murder, two counts of burglary, and other offenses for killing a man and burglarizing his home. We find the evidence sufficient to reject Defendant's challenges to the murder and one of the burglary convictions. And because there were two separate burglaries, his convictions on those counts did not violate double jeopardy.

We have jurisdiction over this direct appeal because the longest single sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

### Background

The facts most favorable to the verdict indicate that on February 24, 1997, Defendant went to Bryan Fitzhugh's apartment where the two drank and smoked marijuana. Josh Warner arrived and told them that he had just returned from Mr. Osterholt's mobile home where there were guns, a VCR, a Nintendo, and possibly money. After smoking crack cocaine, Defendant and Fitzhugh went with Warner and another friend to the mobile home. Defendant, followed by Fitzhugh, entered the mobile home, hit Mr. Osterholt, tied his hands, and pushed him onto the bed. Defendant then ordered Fitzhugh to kill Osterholt, whereupon Fitzhugh shot Osterholt with a shotgun, killing him. Defendant and Fitzhugh left the mobile home carrying guns and other items that they had taken from inside. The four then returned to Fitzhugh's residence. About one or two hours later, Defendant and Fitzhugh began discussing their concerns about fingerprints at the victim's mobile home. Finally, Defendant and Warner, accompanied by two different individuals, returned to the mobile home. On this second trip, Defendant and his new group of companions took more of the victim's belongings.

The State charged Defendant with Felony Murder,[1] Robbery,[2] two counts of Burglary,[3] Criminal Confinement,[4] and with being a habitual offender.[5] A jury found Defendant guilty on all counts, including finding him to be a habitual offender. The trial court sentenced Defendant to a total of 105 years incarceration.

1. Ind.Code § 35–42–1–1 (1993).

2. *Id.* § 35–42–5–1.

3. *Id.* § 35–43–2–1.

### Discussion

**I**

Defendant contends that the State's evidence was insufficient to prove the second count of burglary.

In reviewing a sufficiency of the evidence claim, this Court neither reweighs the evidence nor assesses the credibility of the witnesses. *See Garland v. State,* 719 N.E.2d 1236, 1238 (Ind.1999), *reh'g denied.* We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. *See Sanders v. State,* 704 N.E.2d 119, 123. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *See Brown v. State,* 720 N.E.2d 1157, 1158 (Ind.1999).

Burglary consists of breaking and entering the building or structure of another with the intent to commit a felony therein. *See* Ind.Code § 35–43–2–1 (1993). It rises to a Class B felony if it is committed with a deadly weapon or the building or structure is a dwelling. *See id.*

Defendant asserts that "the State of Indiana failed to prove beyond a reasonable doubt that Mr. Ledo returned to Mr. Osterholt's home armed with a deadly weapon with the intent to commit the offense of theft." Appellant's Br. at 16. We disagree.

The State presented evidence that during the second trip to the victim's mobile home Defendant and his companions took music CD's, a boom box, meat out of the freezer, and a Sony Playstation among other things. According to a witness for the State, Defendant also took a file box and a safety deposit box. A reasonable jury could have concluded that Defendant intended to commit theft when he broke into and entered the mobile home. *See Gee v.*

4. *Id.* § 35–42–3–3.

5. *Id.* § 35–50–2–8 (Supp.1996).

*State,* 526 N.E.2d 1152, 1154 (Ind.1988) (stating that a jury can infer from the surrounding circumstances whether a defendant entered a structure with the intent to commit the felony charged therein); *Jewell v. State,* 672 N.E.2d 417, 426–27 (Ind.Ct.App.1996) (holding that although the fact of breaking and entering is not itself sufficient to prove entry was made with intent to commit a felony, such intent may be inferred from subsequent conduct of the defendant inside the premises), *transfer denied.*

## II

■ Defendant next contends that his convictions on two counts of burglary violate Indiana's Double Jeopardy Clause. He states that the acts of theft were, in fact, part of one continuous act.

■ "Indiana's Double Jeopardy Clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression." *Richardson v. State,* 717 N.E.2d 32, 49 (Ind.1999).

Defendant cites *Eddy v. State,* 496 N.E.2d 24 (Ind.1986), for the proposition that "a crime that is continuous in its purpose and objective is deemed to be a single uninterrupted transaction." *Id.* at 28.

Here, however, Defendant and his co-conspirators took the victims property during two separate acts of burglary. After the first burglary, Defendant returned with a different group of accomplices and broke and entered the victim's mobile home for the second time. In this particular case, the new accomplices and the lapse of time establish that the second break-in was a separate act done with a new and distinct intent to commit a felony.

## III

■ Finally, Defendant argues that the felony murder conviction "is based upon insufficient evidence" because "no evidence was presented at trial to establish that [Defendant] was the person who killed Mr. Osterholt." Appellant's Br. at 19–20.

■ Felony murder occurs when a person "kills another human being while committing or attempting to commit ... burglary." Ind.Code § 35–42–1–1(2) (1993). The Murder statute applies where a person "kill[s] another human being." *Id.* § 35–42–1–1. In addition, Indiana Code § 35–41–2–4 (1993) allows that a "person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Therefore, one who intentionally aids, induces, or causes another person to commit Murder is also guilty of Murder.

The State's evidence was sufficient to find Defendant guilty of Felony Murder. The State presented evidence that Defendant and Fitzhugh broke into and entered the victim's mobile home and took items from it, and Fitzhugh testified that Defendant tied the victim's hands behind his back, pushed him onto the bed, and ordered Fitzhugh to kill the victim. This amounts to substantial evidence of probative value that Defendant and Fitzhugh killed the victim while committing burglary. At minimum, a reasonable jury could infer that Defendant committed Felony Murder by aiding, inducing, or causing Fitzhugh to kill the victim in the course of the burglary.

### Conclusion

The trial court's judgment is affirmed.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.