David McCARTHY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0012–CR–801.

Court of Appeals of Indiana.

June 25, 2001.

Transfer Denied September 11, 2001.

Paul T. Fulkerson, Skiles Hansen Cook & Detrude, Indianapolis, IN, Attorney for Appellants.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

David McCarthy seeks review of issues arising out of his June 12, 2000, jury trial, after which he was convicted of involuntary manslaughter[1] and two counts of criminal recklessness.[2] The issues he raises on appeal we restate as:

1. Whether the trial court erred in refusing to give McCarthy's tendered self-defense instruction as a preliminary instruction;

2. Whether the trial court erred in denying McCarthy's motion to exclude evidence of his co-defendant's murder conviction; and

3. Whether the trial court erred in sentencing McCarthy to consecutive sentences on all three crimes.[3]

We affirm.

---

1. Ind.Code § 35–42–1–4.

2. Ind.Code § 35–42–2–2.

3. This was McCarthy's second trial on charges arising out of the August 1995 incident recounted below. He was convicted of Murder and Attempted Murder after the first trial, but his Murder conviction was overturned on appeal and his Attempted Murder convictions were overturned on post-conviction review. McCarthy argues "The first trial

## FACTS AND PROCEDURAL HISTORY

We summarized the facts of this case in *McCarthy v. State*, Cause No. 49A02–9802–CR–170 (Ind.Ct.App. September 8, 1998):

On August 19, 1995, Forrest Turner, McCarthy's co-defendant, walked past a group of four men gathered in the parking lot of his apartment complex. One of the men asked Turner his age. Turner responded that he was nineteen years old and continued walking. The four men followed Turner as he walked toward his apartment. When Turner reached the door of his second-story apartment, he and the men exchanged words and threats. The four men then challenged Turner to come downstairs and fight. Turner refused and entered his apartment. Inside the apartment were McCarthy and three other men. The group in the apartment exchanged words with the group downstairs.

The four men downstairs left briefly, but soon returned in greater force. One man in the downstairs group, Joshua Deem, was armed with a tire iron. When the group of men inside the apartment heard footsteps coming up the stairs to the apartment, McCarthy armed himself with a 9 mm handgun and Turner armed himself with a .22 caliber handgun. One of the men downstairs

court found the mitigating factors outweighed the aggravating factors and imposed a reduced sentence. The second trial court imposed a greater sentence, ignoring mitigating factors, in apparent disappointment with the jury's verdict." (Br. of Appellant at 10.) However, he does not develop this argument, choosing instead to concentrate on whether the imposition of consecutive sentences was proper. (See Br. of Appellant at 16–17.)

755 N.E.2d 771, 776 (Ind.

threw a bottle at Turner's car, setting off the car alarm. Turner ran outside the apartment followed by McCarthy. Turner and McCarthy fired their weapons several times. One of the men downstairs, Deem, was shot in the back and subsequently died as a result of the gunshot, and two others were wounded.

## DISCUSSION AND DECISION

### 1. *Self–Defense Instruction*

■ Prior to trial, McCarthy's counsel submitted a self-defense instruction to be read to the jury during the preliminary instructions. The trial court declined to give this instruction as a preliminary instruction, but it did give a self-defense instruction during final instructions. McCarthy claims this was error, as he "had the right to have the jury instructed from the outset as to his sole claim defense in this case." (Br. of Appellant at 9.) We disagree.

■ Initially, we note that a defendant is entitled to have the jury instructed correctly on an essential rule of law. *Hill v. State,* 615 N.E.2d 97, 99 (Ind.1993). The giving of jury instructions is a matter within the sound discretion of the trial court, and we review the court's refusal to give a tendered instruction for an abuse of that discretion. *CSX Transp., Inc. v. Kirby,* 687 N.E.2d 611, 616 (Ind.Ct.App.1997). Generally, we will reverse a trial court for failure to give a tendered instruction if: 1) the instruction is a correct statement of the law; 2) it is supported by the evidence; 3) it does not repeat material adequately covered by other instructions; and 4) the substantial rights of the tendering party would be prejudiced by failure to give it.

*Creager v. State,* 737 N.E.2d 771, 776 (Ind. Ct.App.2000), *trans. denied.*

■ In *Phillips v. State,* 550 N.E.2d 1290, 1296 (Ind.1990), our supreme court addressed the refusal of a trial court to give certain self-defense instructions as preliminary instructions, instead choosing to give them as final instructions:

The omission of an instruction which could appropriately have been given preliminarily can be rectified in the final instructions. *Smith v. State* (1981), Ind., 420 N.E.2d 1225; *Everly v. State* (1979), 271 Ind. 687, 395 N.E.2d 254, and this Court has noted that where the jury has been fully instructed on all the issues, the order in which it hears the instructions and the evidence provides no basis for a claim of error. *Lacy v. State* (1982), Ind., 438 N.E.2d 968, 971. While more extensive instruction on the self-defense issue prior to the evidentiary phase of the trial would have been acceptable, no error is presented here since the trial court fully addressed the issue in his final instructions.

McCarthy correctly points out that in *Phillips,* the jury was preliminarily instructed as to some elements of self-defense. However, so long as the jury hears the instructions on the proper state of the law, whether it hears the instructions before or after the evidence is presented is of no relevance. *Id.*

### 2. *Denial of Motion in Limine on Co-Defendant's Testimony* [4]

■ McCarthy moved in limine to exclude evidence that Forrest Turner, McCarthy's co-defendant in his first trial, had been convicted of murder. His motion

---

4. We note that McCarthy failed to call Turner as a witness; thus, the issue of his testimony and possible impeachment was never raised at trial and is therefore waived on appeal. Despite the waiver, we choose to address this issue on its merits.

was denied, and McCarthy argues that as a result he was "in effect, prohibited from calling a witness at the second trial because of the errors of the first trial court." (Br. of Appellant at 9–10.)

McCarthy concedes that murder convictions "shall be admissible" for the limited purpose of impeaching the credibility of a witness. Ind. Evidence Rule 609(a). He notes that the trial court has the ability to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Evid. R. 403. However, in Rule 609(a) situations, a trial court need not conduct the Rule 403 analysis. *Jenkins v. State*, 677 N.E.2d 624, 626–7 (Ind.Ct.App.1997). The denial of McCarthy's motion was not error.

### 3. *Sentencing*

■ McCarthy was sentenced to six years on his conviction of involuntary manslaughter and four years each on his two convictions of criminal recklessness. All the sentences were to be served consecutively.

Indiana Code § 35–50–1–2(c) provides that, except for crimes of violence:

> The total of consecutive terms of imprisonment ... to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class higher than the most serious of the felonies for which the person has been convicted.

Involuntary manslaughter is a crime of violence, (see Ind.Code § 35–50–1–2(a)(3)), but criminal recklessness is not. Therefore, McCarthy asserts, his two convictions of criminal recklessness cannot be ordered to be served consecutively as those convic-

tions were both Class C felonies and they arose out of a single criminal episode. Thus, the total of the consecutive terms of imprisonment cannot exceed ten years, the presumptive sentence for a Class B felony.

Our supreme court recently noted in *Ellis v. State*, 736 N.E.2d 731, 737 (Ind. 2000), that criminal statutes must be strictly construed against the State:

> "Adherence to this rule requires that we interpret the statute to exempt from the sentencing limitation (1) consecutive sentencing among crimes of violence, and (2) consecutive sentencing between a crime of violence and those that are not crimes of violence. However, the limitation should apply for consecutive sentences between and among those crimes that are not crimes of violence."

*Id.* According to *Ellis*, McCarthy's sentence for involuntary manslaughter can be ordered to be served consecutive to those for his other crimes. Further, all of McCarthy's other convictions of crimes not of violence arising out of a single episode did not exceed ten years. His sentences for criminal recklessness total eight years—well within the ten year limitation.

Affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.