**Michael BRUNO, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 18S00–0009–CR–523.

Supreme Court of Indiana.

Sept. 11, 2002.

Darnail Lyles Gary, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Michael Bruno was convicted of criminal recklessness, murder, and conspiracy to commit murder for his actions as part of a group that opened fire on an occupied residence. Contrary to his claim, we find sufficient evidence of record to support the convictions challenged. We agree with Defendant that certain errors were made in connection with his sentence, a point the State concedes.

### Background

The facts most favorable to the judgment indicate that on October 30, 1999, Defendant and his companions shot into an occupied residence where a fraternity party was under way, killing one person and injuring three others.[1] A jury found Defendant guilty of three counts of Criminal Recklessness, a Class C felony;[2] Murder;[3] and Conspiracy to Commit Murder, a Class A felony.[4] Defendant was sentenced to a total of 78 years in prison.

### Discussion

#### A

Defendant contends that the evidence was not sufficient to support his convictions for criminal recklessness and murder.

In reviewing a sufficiency of the evidence claim, this Court neither reweighs the evidence nor assesses the credibility of the witnesses. *Ledo v. State*, 741 N.E.2d 1235, 1237 (Ind.2001); *Garland v. State*, 719 N.E.2d 1236, 1238 (Ind.1999), *reh'g denied*. We look to the evidence most favorable to the verdict and the reasonable inferences drawn therefrom. *Sanders v. State*, 704 N.E.2d 119, 123 (Ind. 1999). We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Brown v. State*, 720 N.E.2d 1157, 1158 (Ind.1999).

Defendant was charged in the alternative with having committed murder or being an accomplice in the commission of murder. Murder is defined as "knowingly or intentionally kill[ing] another human being." Ind.Code § 35–42–1–1(1). "A person who recklessly, knowingly, or intentionally ... inflicts serious bodily injury on another person ... commits criminal recklessness." Ind.Code § 35–42–2–2(c). Indiana Code § 35–41–2–4 provides that "a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense...." *See Ledo*, 741 N.E.2d at 1238 (one who intentionally aids, induces, or causes another person to commit murder is also guilty of murder). It is not necessary that a defendant participate in every element of a crime to be convicted of that crime under a theory of accomplice liability. *See Vitek v. State*, 750 N.E.2d 346, 352 (Ind.2001); *Fox v. State*, 497 N.E.2d 221, 227 (Ind.1986).

In determining whether there was sufficient evidence for purposes of accomplice liability, we consider such factors as: (1) presence at the scene of the crime; (2) companionship with another at the scene of the crime; (3) failure to oppose commission of crime; and (4) course of conduct before, during, and after occurrence of crime. *See Kelly v. State*, 719 N.E.2d 391, 396 (Ind.1999); *Wright*, 690 N.E.2d at 1106.

We find that there was sufficient evidence that Defendant committed murder

---

1. For a complete recitation of the facts, see the companion case of *Artie Thomas v. State*, 774 N.E.2d 33, 35 (Ind., 2002)

2. Ind.Code § 35–42–2–2 (1998).

3. Id. § 35–42–1–1.

4. Id. § 35–42–1–1 and § 35–41–1–1.

or aided or induced another in his group to commit murder. The State presented evidence that Defendant and his friends obtained weapons and assembled near the party. Witnesses stated that defendant and three others went to the back of the house and fired their weapons into the house, knowing that it was occupied. In his brief, Defendant argues that "the state presented absolutely no evidence of probative value tending to show that the Defendant or the Defendant's accomplices actually shot any of the victims." This is readily contradicted by Defendant's own testimony at trial that he shot into the house.

■ Defendant also challenges the sufficiency of the evidence relating to his conviction for criminal recklessness with respect to one victim. We find that the evidence was sufficient. Defendant admitted to firing a gun into the residence. There was also more than enough evidence of the victim's injuries: a witness heard the victim state "I'm shot," and observed blood on the victim's leg, and medical records from Ball Memorial Hospital indicate that on the night in question, the victim was admitted with a gunshot wound to the right leg.

### B

Defendant contends that the court erred in refusing to submit verdict forms for voluntary manslaughter and reckless homicide.

■ The record reflects that the trial court submitted four verdict forms to the jury for count five. One form was for murder and one form was for a "not guilty" verdict. There was also a form for voluntary manslaughter and another for reckless homicide. Defendant argues that the verdict forms were confusing because the heading on the forms for voluntary manslaughter and reckless homicide each read: "Count 5—Murder."

■ Defendant did not object to the verdict forms at trial. The failure to object at trial results in waiver of the issue on appeal. *See Mitchell v. State,* 726 N.E.2d 1228, 1235 (Ind.2000), *reh'g. denied.* We will review an issue that was waived at trial if we find fundamental error. The defendant, however, must prove that the error was so prejudicial as to make a fair trial impossible. *See Conner v. State,* 711 N.E.2d 1238, 1246 (Ind.1999), *cert. denied,* 503 U.S. 946, 112 S.Ct. 1501, 117 L.Ed.2d 640 (2000).

Here, we find no fundamental error. The trial court instructed the jury on voluntary manslaughter and reckless homicide. The jury was given verdict forms for both offenses along with the verdict form for murder. The jury returned a signed verdict form for murder. There is no question that the jury found that Defendant was guilty of murder.

### C

Defendant contends that his sentence was improper. The trial court imposed a total sentence of 78 years. The court imposed consecutive sentences of six years each for the three criminal recklessness counts. The trial court also imposed a sentence of 40 years for conspiracy to commit murder and 60 years for murder. The trial court ordered the sentences on the conspiracy and murder counts to be served concurrent to each other, but consecutive to the criminal reckless counts.

Defendant has two complaints with his sentence. First, he argues that the imposition of consecutive sentences for criminal recklessness is erroneous. He also argues that the imposition of sentences for both murder and conspiracy to commit murder violates double jeopardy.

■ A trial court has the discretion to impose sentences consecutively if aggravating circumstances warrant. *See* Ind.Code

§ 35–38–1–7.1. This discretion is limited by Ind.Code § 35–50–1–2(c), which states:

> Except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment ... shall not exceed the presumptive sentence for a felony which is one class felony higher than the most serious of the felonies for which the person has been convicted.

The statute specifically defines certain crimes as "crimes of violence." Ind.Code § 35–50–1–2(a). Criminal recklessness is not designated as a crime of violence and is therefore subject to the limitation of § 35–50–1–2(a). *McCarthy v. State,* 751 N.E.2d 753, 756 (Ind.Ct.App.2001) (quoting *Ellis v. State,* 736 N.E.2d 731, 737 (Ind. 2000)); *Maxwell v. State,* 731 N.E.2d 459, 464 (Ind.Ct.App.2000).

Defendant's convictions for criminal recklessness were class C felonies. The presumptive sentence for a class B felony—a felony one class higher—is ten years. Therefore, consecutive sentences for criminal recklessness, a class B felony, may not exceed ten years. The State concedes this point, and correctly points out that the trial court may order Defendant's sentences for criminal recklessness to be served consecutively with his sentence for Murder. *McCarthy,* 751 N.E.2d at 756.

■ The State also concedes that the trial court should have merged Defendant's murder conviction and his conviction for conspiracy to commit murder as the two convictions rest on a single overt act. We accept the State's concession.

### Conclusion

We affirm Defendant's convictions for murder and criminal recklessness, but re-

mand to the trial court for resentencing in accordance with this opinion.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.