**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARK CONNER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 33A01-1308-CR-355 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Bob A. Witham, Judge
Cause No. 33C03-1303-FD-81

**April 15, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Mark Conner appeals his convictions for Class D felony theft and Class B misdemeanor criminal mischief and the finding that he is an habitual offender. We affirm and remand.

## Issue

The sole issue before us is whether there is sufficient evidence to sustain Conner's convictions.

## Facts

On January 25, 2013, Conner was an inmate at the Henry County Jail. When Jail Supervisor Tina Fox conducted an afternoon check, she noticed that a bar was missing from the stationary weight machine located in the jail's recreation room. Supervisor Fox notified Jail Commander Brent Grider of the missing bar. Commander Grider knew the bar had to have been removed within the last twenty-four hours because the machine had recently been repaired after another vandalism incident. Commander Grider reviewed security video footage of the recreation room and saw that on the afternoon of January 25, 2013, four inmates—Conner, John Jessup, Jerald Gray, and Joshua Wilson—gathered together around the weight machine, and one of them removed the bar. Shortly thereafter, Conner picked the bar off the floor, put it in his pants, and went back to his cell. After reviewing the video footage, Commander Grider approached Conner and demanded that he return the bar. Conner left, returned less than two minutes later with the bar, and gave it to Commander Grider.

The State charged Conner with Class D felony theft, Class B misdemeanor criminal mischief, and alleged that he was an habitual offender. After a bench trial, Conner was convicted as charged and found to be an habitual offender. The trial court sentenced Conner to two-and-a-half years for theft and 180 days for criminal mischief, to be served concurrently. It also imposed a sentence of three-and-a-half years for the habitual offender enhancement, which it ordered to served consecutive to both the theft and criminal mischief sentences and also consecutive to a sentence imposed in a separate case. Conner now appeals.

**Analysis**

Conner challenges the sufficiency of the evidence supporting his convictions. When reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences therefrom supporting a guilty verdict or finding. Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012). We will not assess witness credibility, nor reweigh the evidence to determine if it was sufficient to support a conviction. Id. Those roles are reserved exclusively for the finder of fact, not appellate courts. Id. We must consider only the evidence most favorable to the conviction and will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt. Id.

Conner essentially argues that he was merely present in the recreation room with the other three inmates and did not in any way assist in damaging the weight machine or in stealing the removed bar. With respect to the theft of the bar, there is direct evidence that Conner was the person who stole it. Commander Grider unequivocally identified the person seen on the security footage placing the bar into his pants as Conner, based on his

3

personal interactions with the inmates in his jail. Conner also retrieved the bar and gave it back to Commander Grider when demanded to do so. This is sufficient evidence that Conner knowingly exercised unauthorized control over the jail's property with intent to deprive the jail of its value or use, as required to sustain his conviction for Class D felony theft. See Ind. Code § 35-43-4-2(a).

Commander Grider did not provide similarly unequivocal evidence with respect to which of the four inmates seen standing around the weight machine was the one who actually managed to break the machine and remove the bar from it. Thus, it is unclear which of the four inmates knowingly damaged the jail's property, as required to sustain a conviction for Class B misdemeanor criminal mischief. See I.C. § 35-43-1-2(a)(1). Still, Conner was undoubtedly one of those four inmates. Even if Conner was not the one who actually removed the bar, he could be convicted upon evidence that he was an accomplice. There is no difference between the criminal liability of a principal and an accomplice. Norvell v. State, 960 N.E.2d 165, 168 (Ind. Ct. App. 2011), trans. denied. Factors to consider in determining whether there was sufficient evidence that a defendant acted as an accomplice include: (1) presence at the scene of the crime; (2) companionship with others at the scene of the crime; (3) failure to oppose the crime's commission; and (4) the defendant's conduct before, during, and after the crime. Id. (quoting Bruno v. State, 774 N.E.2d 880, 882 (Ind. 2002)). Here, Conner's companionship with the other three inmates is clear from the security footage and demonstrates that all four were acting together, as they stood near each other and the machine while one of them broke the bar off. Conner

did not oppose the crime and, in fact, took the bar with him back to his cell. There is sufficient evidence to convict Conner as an accomplice in committing criminal mischief.

Although we affirm Conner's convictions and he makes no challenge to the habitual offender finding, the State notes that the trial court erred in its sentencing order with respect to the habitual offender enhancement. Specifically, the trial court imposed a sentence of three-and-a-half years for the habitual offender finding to be served consecutive to both convictions and also to a sentence imposed in a separate case. However, an habitual offender finding results only in a sentencing enhancement imposed upon conviction of a subsequent felony. Harris v. State, 964 N.E.2d 920, 927 (Ind. Ct. App. 2011) (citing I.C. § 35-50-2-8), trans. denied. It does not constitute a separate crime, nor does it result in a separate sentence. Id. Here, the trial court erred in ordering the habitual offender enhancement to be served consecutive to both the theft and criminal mischief sentences and the sentence in the separate case. Instead, it should have ordered that the theft sentence be enhanced by a term of three-and-a-half years, and there can be no enhancement of the misdemeanor criminal mischief sentence. We remand with instructions for the trial court to issue a corrected sentencing order and corrected abstract of judgment so that they reflect that the theft sentence only is enhanced by three-and-a-half years. See id.

### Conclusion

There is sufficient evidence to sustain Conner's convictions. We remand for the trial court to issue a corrected sentencing order and corrected abstract of judgment.

Affirmed and remanded.

BAKER, J., and CRONE, J., concur.

5