## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 30 2015, 10:00 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Currin,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 30, 2015

Court of Appeals Case No.
49A02-1410-CR-709

Appeal from the Marion Superior Court
The Honorable Sheila A. Carlisle, Judge
The Honorable Stanley M. Kroh, Magistrate

Cause No. 49G03-1405-FB-27808

**Bradford, Judge.**

## Case Summary

On the afternoon of Memorial Day, 2014, Anthony Moffit was enjoying a barbeque at his Indianapolis home with Veronica Alexander, his partner of eighteen years and with whom he had three children. Appellant-Defendant James Currin drove by with Shante Bowie screaming at Anthony and Alexander. When Anthony confronted James, the two began a fistfight that lasted two to three minutes, after which all dispersed.

A short time later, James and Shante returned, accompanied by several others, the men in the group armed with two-by-fours and the women with knives. Veronica was attacked and was stabbed four times, while Anthony was struck in the head with a two-by-four and knocked unconscious. While Anthony was on the ground, James kicked and stomped him. The fight continued until police arrived, at which point the attackers fled. Anthony suffered a broken jaw which had to be wired shut.

Appellee-Plaintiff the State of Indiana charged James with Class B felony aggravated battery and Class D felony battery. Following a bench trial, the trial court found James guilty as charged and sentence him to an aggregate sentence of eight years with two suspended, one to probation. James contends that the State failed to introduce evidence sufficient to sustain his conviction for aggravated battery under a theory of accomplice liability. Because we disagree, we affirm.

# Facts and Procedural History

[4] In the afternoon of May 26, 2014, Memorial Day, Anthony, Veronica, and their children were having a barbeque with family and friends on the porch of their family home in Indianapolis. James and Shante, with whom James had children, drove by in their grey Kia minivan, yelling profanities at Anthony and Veronica's daughter and throwing something at her as well. When the van returned, Anthony ran beside the van and confronted James. When James emerged, he and Anthony engaged in a fistfight for approximately two to three minutes. When police were called, the altercation ended and all returned to their homes.

[5] What occurred next can best be described as a free-for-all. Approximately twenty to twenty-five minutes later, James, Shante, Vicky Brooks (Shante's mother), Lamont Brooks (Shante's uncle), Shawn Patrick Bowie (Shante's brother), Darnell Wilson (Shante's uncle), Sheila Brooks (Shante's sister), and others approached across a vacant lot. The men were armed with two-by-fours and, after the group crossed the street into Anthony and Veronica's yard, Vicky, Shante, and Sheila produced knives and stabbed Veronica four times.

[6] Meanwhile, Lamont punched Anthony, and James, Shawn, and Darnell began to hit Anthony as well. As James and Anthony fought, Shawn "whacked" Anthony in the head with a two-by-four. Tr. p. 27. Anthony was knocked unconscious and fell to the ground, where Darnell and James continued to hit, kick, and stomp him. When Anthony's eleven-year-old daughter K.A. grabbed a broom and ran to his aid, James kicked her in the chest. Additionally, Vicky stabbed Veronica's cousin Kenny Brown and one of Shante's uncles knocked

him unconscious, Anthony's sixteen-year-old son was stabbed in the arm, and Darnell hit Anthony's fourteen-year-old son J.A. in the side with a two-by-four. The group dispersed when police arrived. Anthony suffered a broken jaw that had to be wired shut. At the time of trial, Anthony was still having trouble with his jaw and had had to return to the hospital often.

On May 30, 2014, the State charged James with Class B felony aggravated battery on Anthony and Class A misdemeanor battery on Anthony's daughter. James's case was tried to the bench on August 27, 2014. While several witnesses testified regarding the events of Memorial Day, the trial court stated on the record that it found J.A. to be particularly credible. J.A. had testified that he saw Anthony being struck with a two-by-four, but could not say by whom, only that it was not James. J.A. added that he did not see James wielding a two-by-four. J.A. did testify that he saw James "stomping" Anthony after he was on the ground. Tr. p. 125. At the trial court's request, the parties argued their cases regarding the aggravated battery charge on a theory of accomplice liability. The trial court found James guilty as charged. On September 9, 2014, the trial court sentenced James to eight years for aggravated battery, with one of two suspended years to be spent on probation, and two years for battery, the sentences to be served concurrently.

# Discussion and Decision

# Sufficiency of the Evidence

[8] When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id*. If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

[9] If James's conviction for aggravated battery of Anthony is to be affirmed, it will be on an accomplice-liability basis, as the trial court seems to have specifically found that James was not the person who struck Anthony in the head with a two-by-four. Consequently, the State was required to establish that James was an accomplice to "[a] person who knowingly or intentionally inflict[ed] injury on a person that create[d] a substantial risk of death or cause[d] … serious permanent disfigurement [or] protracted loss or impairment of the function of a bodily member or organ[.]" Ind. Code § 35-42-2-1.5. "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person … has not been prosecuted for the offense;… has not been convicted of the offense; or … has been acquitted of the offense." Ind. Code § 35-41-2-4.

> In determining whether there was sufficient evidence for purposes of accomplice liability, we consider such factors as:  1)

presence at the scene of the crime; 2) companionship with another at the scene of the crime; 3) failure to oppose commission of the crime; and 4) course of conduct before, during, and after occurrence of the crime. [Ind. Code § 35-41-2-4]. A defendant's mere presence at the crime scene, or lack of opposition to a crime, standing alone, is insufficient to establish accomplice liability. *Tobar v. State,* 740 N.E.2d 109, 112 (Ind. 2000). Flight shows consciousness of guilt. *State v. Torphy,* 217 Ind. 383, 387-88, 28 N.E.2d 70, 72 (1940).

These factors may be considered in conjunction with a defendant's course of conduct before, during, and after the crime, and a defendant's companionship with the one who commits the crime. *Id.* Furthermore, accomplice liability applies to the contemplated offense and all acts that are a probable and natural consequence of the concerted action. *Wieland v. State,* 736 N.E.2d 1198, 1202 (Ind. 2000). Moreover, an accomplice is equally culpable as the one who commits the actual crime. *Hauk v. State,* 729 N.E.2d 994, 998 (Ind. 2000). Finally, it is not necessary for [James] to have participated in every element of the crime under a theory of accomplice liability. *Bruno v. State,* 774 N.E.2d 880, 882 (Ind. 2002).

*Tuggle v. State*, 9 N.E.3d 726, 736 (Ind. Ct. App. 2014), *trans. denied*.

[10] We conclude that the State has produced sufficient evidence to sustain James's conviction for aggravated battery based on accomplice liability. James's presence at the scene of the aggravated battery is supported by the testimony of no fewer than seven witnesses and is not seriously in dispute. The State also produced ample evidence to establish companionship with others who were also participating in the attack. The State produced evidence that James walked back to Anthony's house with several others, almost all of whom were blood relatives to Shante, the mother of James's children. James participated in the

initial beating of Anthony, along with Shawn, Darnell, and Lamont. Just before Shawn struck Anthony in the head with a two-by-four, James "swung" at Anthony with his fists. Tr. p. 122. After Anthony had been felled by Shawn's blow, James proceeded to kick and stomp him. The evidence indicates James's full participation in the group attack on Anthony, from beginning to end.

[11] As for the third factor, the evidence just discussed is more than sufficient to establish that James, far from opposing the crime, was an active participant. Finally, James's actions before and after the aggravated battery on Anthony support a finding of accomplice liability. The event that ultimately led to the pitched battle in Anthony's yard was the earlier fistfight between James and Anthony, which was provoked by James. James told Anthony that he was going to "F [him] up" and told Shante that he was going to "beat [Anthony's] a[**]." Tr. pp. 57, 168. After the initial fistfight, James and Shante gathered Shante's family and friends, armed themselves, and returned to Anthony's as a group. After kicking and stomping Anthony as he lay unconscious, James kicked K.A. in the chest when she attempted to come to Anthony's aid. James fled from the scene as police arrived, indicating culpability. *See Torphy,* 217 Ind. at 387-88, 28 N.E.2d at 72.

[12] James's argument seems to be that an affirmance of his conviction for aggravated battery on Anthony would be an absurd result, because he could have just as easily been prosecuted and convicted of attacks on the other victims under a theory of accomplice liability, but was not. First, the record seems to

indicate that James only had significant involvement in the crimes against Anthony and K.A., for which he faced charges. Second, the State was free to prosecute James in any way it saw fit, and we will not second-guess its decision in this regard. James has failed to establish that his conviction for aggravated battery is unsupported by sufficient evidence.

[13] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.