Austin C. **WEATHERSPOON,**
Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0809–CR–466.

Court of Appeals of Indiana.

Sept. 2, 2009.

Transfer Denied Oct. 29, 2009.

Thomas W. Vanes, Crown Point, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Austin C. Weatherspoon appeals his conviction for Class B felony robbery, contending that the jury was improperly instructed. Specifically, Indiana Jury Rule 20(a)(8) provides that jurors, including alternates, are permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence. Under Indiana law, alternates are not allowed to deliberate with the jury. Weatherspoon argues that discussions are the equivalent of deliberations and therefore he was denied his constitutional and statutory right to a jury of twelve when the alternates were instructed that they were permitted to discuss the evidence during recesses from trial. Because Jury Rule 20(a)(8) makes a clear distinction between discussions and deliberations and because there is no evidence that the alternates participated in the deliberations, we affirm Weatherspoon's conviction.

### Facts and Procedural History

In January 2007, the State charged Weatherspoon with Class B felony robbery. A jury trial was held in July 2008. Before trial started, defense counsel objected to the following preliminary instruction, Instruction No. 6:

You have been selected as jurors and alternates and you are bound by your oath to try this case fairly and honestly.

You are permitted to discuss the evidence and testimony of the witnesses among yourselves in the jury room during recesses from the trial. But only when all of you are present. You should not form or express any conclusion or judgment about the outcome or verdict

in the case until the Court submits the case to you for your deliberations.

You must not talk about this case with anyone else. Do not talk to any of the parties, their lawyers or any of the witnesses. If anyone tries to talk about the case in your presence, you should tell the bailiff immediately and privately. If there is any publicity about this trial, you should not read, listen to or watch it.

You should focus your attention on the court proceedings and the evidence, and reach a verdict based on what you hear and see in this court.

Appellant's App. p. 79. Defense counsel argued:

The new jury rules permit jurors to discuss the evidence while the trial is in progress, to discuss it among themselves, express opinions and reach conclusions, to some extent.

They are obviously not allowed to reach a verdict until the case is submitted to them or to decide the case finally.

However, the constitutional law in the State of Indiana prohibits alternate jurors from participating in the jury's deliberation and in fact reversible error has been predicated on that and yet at the same time, these alternates are being told that they can discuss the evidence with the other jurors up until the time of deliberations.

So, it is my belief that the case law in the State of Indiana, both under statute and constitution prohibits the alternate jurors from deliberating with the other jurors at any time from this point forward. They should be present, be required to be present to listen to the deliberations of the twelve jurors who are sworn, in case their services are needed, but they themselves can not participate either during the trial or during deliberations.

*Id.* at 28–29. The trial court acknowledged that under Indiana law, alternate jurors cannot participate in deliberations. However, the court clarified that defense counsel was arguing that discussing evidence while the trial was in progress was the equivalent of deliberations: "[Y]our theory is that deliberations take place prior to the time they are sent back ... prior to the close of evidence[?] ... That any discussion is deliberation[?]" *Id.* at 29. Defense counsel responded, "Yes." *Id.* at 29, 30. The trial court, who noted an "inconsistency," concluded that because this issue had not been addressed by the appellate court, the alternates "[we]re going to be able to enter into those discussions during the time the case [wa]s going on." *Id.* at 30. In light of this ruling, defense counsel asked for a continuing objection to Instruction No. 6.

On the morning of trial, defense counsel filed a motion in limine raising the same issue. That is, defense counsel argued that it was "facetious" to say that alternate jurors could discuss the evidence with the other jurors while the trial was in progress but that the alternate jurors could not participate in deliberations. *Id.* at 55. The trial court reiterated its earlier ruling that "the alternates could discuss during the process of the trial but not during deliberations. This motion is denied, recognizing that there is confusion and conflict in the rules and the Constitution and hopefully somebody will work it out one day." *Id.* at 57–58.

Weatherspoon was convicted as charged. The trial court sentenced him to eleven years—six years in the Department of Correction and five years in Lake County Community Corrections. Weatherspoon now appeals.

### Discussion and Decision

■ Weatherspoon raises one issue on appeal. He contends that the United States and Indiana Constitutions and state statute limit criminal juries to twelve people and that Indiana Jury Rule 20, which allows alternate jurors to discuss evidence in the jury room during recesses from trial, "resulted in a jury of more than twelve." Appellant's Br. p. 4. That is, he asserts that the "pre-deliberation participating of the alternates violated his statutory and constitutional right to a twelve-person jury." *Id.* at 5.

The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." Likewise, Article 1, Section 13 of the Indiana Constitution provides "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury...." Although neither constitution mentions a specific number of jurors, Indiana Code § 35–37–1–1(b) provides that if a defendant is charged with murder or a Class A, B, or C felony, "the jury shall consist of twelve (12) qualified jurors unless the defendant and prosecuting attorney agree to a lesser number." *See also* Ind. Jury Rule 16(a).

Jury Rule 20, which is the foundation for the trial court's Instruction No. 6, currently provides:

(a) The court shall instruct the jury before opening statements by reading the appropriate instructions which shall include at least the following:

\*   \*   \*   \*   \*   \*

(8) that jurors, *including alternates,* are permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence. The court shall admonish jurors not to discuss the

case with anyone other than fellow jurors during the trial.

(Emphasis added). Jury Rule 20 went into effect on January 1, 2003. Subsection (a)(8), however, was not originally included in Jury Rule 20. A 2002 report based on Arizona Rule of Civil Procedure 39(f) concluded that allowing jurors to discuss evidence before deliberations had no substantial negative impact on the jury's ability to remain impartial and open-minded. Randall T. Shepard, *Jury Trials Aren't What They Used to Be*, 38 Ind. L.Rev. 859, 865 (2005). Initially, because of the Arizona report, Indiana amended Jury Rule 20 on September 30, 2004, to provide that "jurors [but not alternates] are permitted to discuss the evidence among themselves in the jury room when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence." Ind. Jury Rule 20(a)(8) (2005); Shepard, 38 Ind. L.Rev. at 865. Jury Rule 20(a)(8) went into effect on January 1, 2005. J.R. 20(a)(8) (2005); Shepard, 38 Ind. L.Rev. at 865. According to Chief Justice Shepard, Jury Rule 20(a)(8)

is an important step in the process of reforming this state's jury system. Besides helping jurors to clarify confusing issues of evidence when they occur, and helping jurors to follow the dynamics of trial, allowing jurors to discuss evidence during the trial treats them as they are: intelligent, responsible adults. Because so much of the public's perception of jury service is built upon anecdotal evidence related by those who have served on juries, treating jurors as capable adults is important not only for promoting a better legal result, but in helping to eliminate the public's conception of jury service as tedious, belittling, and pointless.

Allowing jurors to discuss the evidence before deliberations begin is an important step in reforming the Hoosier jury. . . .

Shepard, 38 Ind. L.Rev. at 865.

Subsequently, Jury Rule 20(a)(8) was again amended on September 10, 2007, effective January 1, 2008, to provide that *alternates* are also permitted to discuss the evidence in the jury room during recesses from trial when all are present. *See* J.R. 20(a)(8) (2007) (pre-amended version not specifically mentioning alternates); J.R. 20(a)(8) (2008) (amended version specifically mentioning alternates).[1] This amendment to Jury Rule 20(a)(8) has not yet been addressed by our appellate courts. We do so now.

■ Although alternates' participation in the discussions occur before deliberations commence, Weatherspoon argues that it is the "functional equivalent of expressing an opinion regarding the ultimate outcome," which is expressly forbidden by Jury Rule 20(a)(8). Appellant's Br. p. 7. In other words, Weatherspoon claims that alternates *discussing* the case is the same as alternates *deliberating* the case, and alternates in Indiana are not permitted to deliberate. That is, while an alternate juror may retire with the jury for deliberations, the alternate may not participate in the deliberations *unless and until* he or she replaces a juror.[2] *Miller v. State*, 702 N.E.2d 1053, 1073 (Ind.1998), *reh'g denied*.

---

1. Although Jury Rule 20(a)(8) was adopted after a favorable report had studied Arizona Rule of Civil Procedure 39(f), we note that the Arizona rule has *not* been amended to include alternates in the discussion. Moreover, we note that the Arizona Rule is a *civil* rule, not a criminal rule. *Compare* Ariz. R. Civ. P. 39(f) *with* Ariz. R.Crim. P. 18.5(h).

2. Here, Instruction No. 22 provided that the alternates were not to participate in the deliberations and voting of the jury. Appellant's App. p. 106.

If an alternate juror participates in deliberations, a new trial may be granted. *See Griffin v. State,* 754 N.E.2d 899, 903 (Ind. 2001), *aff'd on reh'g,* 763 N.E.2d 450 (Ind. 2002); *see also Henri v. Curto,* 908 N.E.2d 196, 203 (Ind.2009).

Notwithstanding this line of authority, the Indiana Supreme Court adopted and amended the Jury Rules, including the recent amendment to Jury Rule 20(a)(8), which provides that alternate jurors are permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence. We acknowledge Weatherspoon's argument that during discussions, alternate jurors talk about issues of credibility, highlight and discount certain evidence, and narrow and broaden the issues, all of which may affect the final judgment or verdict, yet these discussions are the very discussions that alternate jurors may not have during deliberations. Nevertheless, our Supreme Court has unambiguously made a distinction between discussions and deliberations. We are not at liberty to rewrite the rules promulgated by our Supreme Court.

As for Weatherspoon's constitutional challenge to Jury Rule 20(a)(8), we simply note that, as Weatherspoon himself acknowledges, there is authority from this Court which provides that "there is no constitutional limit to the *maximum* number of jurors." *See Taylor v. State,* 687 N.E.2d 606, 610 (Ind.Ct.App.1997) (emphasis added), *trans. denied.* As for Weatherspoon's statutory entitlement to a jury of twelve, he received just that. *See id.* Moreover, since our Supreme Court has created a distinction between discussions and deliberations and there is no evidence that any of the alternates deliberated, this

argument also fails. We therefore affirm the trial court.

Affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.