FILED
Sep 16 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court



# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**BROOKE N. RUSSELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY LYONS, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 36A01-1208-CR-331 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JACKSON CIRCUIT COURT
The Honorable William E. Vance, Judge
Cause No. 36C01-1102-FB-7

**September 16, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Larry Lyons Jr. was charged with and tried for Class B felony dealing in methamphetamine (Count I), Class D felony methamphetamine possession (Count II), Class D felony unlawful possession of a syringe (Count III), and Class A misdemeanor paraphernalia possession (Count IV). A jury found Lyons guilty of Counts I and II, and the trial court merged Count II into Count I and sentenced Lyons to eight years of incarceration with two years suspended. Lyons contends that the trial court committed fundamental error in instructing the jury in the following respects: (1) failing to adequately instruct the jury that it was not to deliberate or reach any conclusions prior to the close of evidence, (2) failing to advise the alternate jurors that they were not to participate in deliberations, and (3) failing to instruct the bailiff to confiscate all electronic devices prior to deliberations. Because we conclude that no fundamental error occurred, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 22, 2011, the State charged Lyons with Counts I-IV. On March 20 and 21, 2012, Lyons's jury trial was held. A jury of twelve with two alternates was seated. Prior to the opening of evidence, the trial court instructed the jury, in part, as follows:

> You are permitted to discuss the evidence among yourselves in the jury room during recesses from trial, but only when all jurors and alternates are present. You should keep an open mind. You should not form or express any conclusion or judgment about the outcome of the case until the court submits the case to you for your deliberations. You must not talk about this case with anyone else. Do not talk to any of the parties, their lawyers or any of the witnesses. If anyone tries to talk about the case in your presence, you should tell the bailiff immediately and privately. If there is any publicity about this trial, you must not read, listen to or watch it.

2

....
> You are instructed that until your jury service is complete, you shall not use computers, laptops, cellular telephones or other electronic devices, during discussions or during deliberations unless specifically authorized by the court.

Tr. pp. 1-2, 9.

At the conclusion of the first day of Lyons's trial, the trial court advised the jury as follows: "Remember, you are not to discuss these matters under consideration with anyone else. If somebody asks you at home this evening about whatever you heard in court, you can tell them I'll tell you tomorrow night, but for now I can't discuss it." Tr. p. 132. Lyons made no objection to any of the trial court's jury instructions, he did not object to the trial court's advisement at the end of the first day of his trial, and he offered no alternate instructions at any point. The jury convicted Lyons of Counts I and II and found him not guilty of Counts III and IV. On July 18, 2012, the trial court merged Count II into Count I and sentenced Lyons to eight years of incarceration with two years suspended.

## DISCUSSION AND DECISION

Lyons concedes that he failed to preserve below any of the claims he now makes on appeal. Lyons contends, however, that the trial court committed fundamental error by failing to (1) adequately instruct the jury that it was not to deliberate or reach any conclusions prior to being given the case, (2) instruct the jury that the alternates could not participate in deliberations, and (3) failing to instruct the bailiff to confiscate electronic devices prior to deliberations.

3

A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred. *See, e.g.*, *Trice v. State*, 766 N.E.2d 1180, 1182 (Ind. 2002); *Hayworth v. State*, 904 N.E.2d 684, 694 (Ind. Ct. App. 2009). The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009). This exception is available only in "egregious circumstances." *Brown v. State*, 799 N.E.2d 1064, 1068 (Ind. 2003).

*Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010).

## I. Whether the Trial Court Committed Fundamental Error in Instructing the Jury

Instructing the jury lies solely within the discretion of the trial court, and we will reverse only upon an abuse of that discretion." *Schmid v. State*, 804 N.E.2d 174, 182 (Ind. Ct. App. 2004), *trans. denied*. A defendant is entitled to have the jury instructed correctly on an essential rule of law. *McCarthy v. State*, 751 N.E.2d 753, 755 (Ind. Ct. App. 2001), *trans. denied*. "Generally, we will reverse a trial court for failure to give a tendered instruction if: 1) the instruction is a correct statement of the law; 2) it is supported by the evidence; 3) it does not repeat material adequately covered by other instructions; and 4) the substantial rights of the tendering party would be prejudiced by failure to give it." *Creager v. State*, 737 N.E.2d 771, 776 (Ind. Ct. App. 2000). Jury instructions are to be considered as a whole, and we will not find that the trial court abused its discretion unless we determine that the instructions taken as a whole misstate the law or otherwise mislead the jury. *Schmid*, 804 N.E.2d at 182.

## A. Failure to Adequately Instruct the Jury not to Deliberate or Reach Conclusions

4

Indiana Code section 35-37-2-4 provides, in relevant part, that

The court shall admonish the jurors in the preliminary instruction, before separating for meals, and at the end of the day, that it is their duty not to converse among themselves or permit others to converse with them on any subject connected with the trial, or to form or express any opinion about the case until the cause is finally submitted to them.

As Lyons points out, the trial court failed to advise the jurors at the end of the first day of trial that they were not to form or express and opinion about the case until it was given to them. Lyons argues that this omission was a blatant violation of basic principles that potentially harmed him, necessitating a new trial. We cannot agree.

While we acknowledge that the trial court failed to admonish the jury pursuant to the letter of Indiana Code section 35-37-2-4, we cannot conclude that its failure amounts to fundamental error. Fundamental error occurs only in egregious cases where the harm or potential for harm is substantial, and we are unpersuaded that this is one of those cases. First, the jurors were, in fact, given a preliminary instruction that they were not to form or express an opinion until the case was given to them. Second, the trial was only two days long, meaning that the trial court missed only one opportunity to so advise the jurors. Third, there has been no showing of harm or that the potential for harm was substantial: Lyons points to nothing in the record indicating that the jury made up its mind before receiving the case from the trial court. Under the circumstances of this case, where the trial court did correctly instruct the jury once and there is no indication of prejudice, we cannot say that the trial court committed fundamental error in this regard.

### B. Failure to Instruct Alternates not to Participate in Deliberations

5

Lyons argues that the trial court's failure to advise the two alternate jurors that they were not to participate in deliberations amounts to fundamental error. Again, we cannot agree. While the failure to so advise the alternates was, in fact, erroneous, we cannot agree that Lyons has established fundamental error. "An alternate is not, of course a member of the jury, and he or she qualifies as an outside influence under [Evidence] Rule 606(b)." *Griffin v. State*, 754 N.E.2d 899, 903 (Ind. 2001), *clarified on reh'g on other grounds*, 763 N.E.2d 450 (Ind. 2002). Pursuant to Evidence Rule 606(b),

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify (1) to drug or alcohol use by any juror, (2) on the question of whether extraneous prejudicial information was improperly brought to the jury's attention or (3) whether any outside influence was improperly brought to bear upon any juror.

Although Lyons is correct that Indiana precedent indicates that "[i]f an alternate juror participates in deliberations, a new trial may be granted[,]" we conclude that Lyons has failed to establish that he is entitled to one. *Weatherspoon v. State*, 912 N.E.2d 437, 441 (Ind. Ct. App. 2009), *trans. denied*. Both *Griffin* and *Weatherspoon* seem to require that evidence regarding outside influence must be put into the record pursuant to Rule 606(b) in order to allow review of a claim that an alternate improperly influenced deliberations, and that did not happen here. There is absolutely no evidence that the alternates participated in deliberations or affected the jury's decision in any way. Lyons has not established harm or substantial risk of harm.

**II. Whether the Trial Court Committed**

6

## Fundamental Error in Instructing the Bailiff

Lyons contends that the trial court committed fundamental error in failing to instruct the bailiff to confiscate electronic devices from the jurors. Indiana Jury Rule 26(b) provides as follows:

> The court shall instruct the bailiff to collect and store all computers, cell phones or other electronic communication devices from jurors upon commencing deliberations. The court may authorize appropriate communications (i.e. arranging for transportation, childcare, etc.) that are not related to the case and may require such communications to be monitored by the bailiff. Such devices shall be returned upon completion of deliberations or when the court permits separation during deliberations. Courts that prohibit such devices in the courthouse are not required to provide this instruction. All courts shall still admonish jurors regarding the limitations associated with the use of such devices if jurors are permitted to separate during deliberations.

Even assuming that the trial court gave no such instruction to the bailiff, Lyons has failed to establish fundamental error. The jurors were explicitly instructed that "until your jury service is complete, you shall not use computers, laptops, cellular telephones or other electronic devices, during discussions or during deliberations unless specifically authorized by the court[,]" Tr. p. 9, and "we presume the jury follows the instructions it is given." *Tormoehlen v. State*, 848 N.E.2d 326, 332 (Ind. Ct. App. 2006), *trans. denied*. Lyons points to nothing in the record to rebut the presumption that the jurors followed the trial court's instruction, even if they were still in possession of electronic communication devices. The mere possibility that a juror may have used an electronic device during deliberations is insufficient to establish fundamental error.

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.

7