## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 25 2018, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Hamiter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 25, 2018

Court of Appeals Case No.
18A-CR-222

Appeal from the Marion Superior Court

The Honorable Helen W. Marchal, Judge

Trial Court Cause No.
49G15-1609-F6-36634

**Bradford, Judge.**

# Case Summary

[1] Following a jury trial, Gary Hamtier was convicted of Class B misdemeanor disorderly conduct. Hamiter contends that the trial court committed fundamental error when it failed to instruct the jury that it was not to deliberate or reach any conclusions prior to the close of evidence before it was dismissed for a lunch break. Because we conclude that no fundamental error occurred, we affirm.

# Facts and Procedural History

[2] In 2016, Hamiter's daughter was a student at Lawrence Central High School. On the morning of September 16, 2016, the school held a homecoming pep rally which included a dance performance. Hamiter attended the pep rally because his daughter was participating in the performance. After the performance, Hamiter became involved in a heated dispute with a student who Hamiter believed had called him a "b****." Tr. Vol. II pp. 24–25. Hamiter asked for help from a nearby assistant principal. The assistant principal directed the student to class and Hamiter to the main office. The assistant principal asked a different assistant principal, Marlin Sam ("Sam"), to escort Hamiter to the office. Hamiter was extremely upset and loudly insisted that something be immediately done to the allegedly offending student.

[3] As Sam walked Hamiter to the office, Hamiter tried to quickly walk toward the student who had insulted him. Sam positioned himself in front of Hamiter and

told him to keep walking to the office. In response, Hamiter came "chest to chest" with Sam and "bump[ed]" him, leading Sam to push Hamiter away and call security. Tr. Vol. II p. 50.

[4] Lawrence Police Department Officer Tyler Morgan was sitting outside of the school in his car when he received the call. When Officer Morgan went inside, he observed Hamiter trying to walk around Sam while Sam was attempting to get Hamiter to go into the office. Hamiter was being very loud and hostile toward Sam. After several failed attempts to get Hamiter to go into the office on his own, Officer Morgan put Hamiter in handcuffs. Hamiter cooperated as Officer Morgan put the handcuffs on but was still very agitated.

[5] Shortly thereafter, Officer Morgan was joined by another officer, and the two officers walked Hamiter to a conference room in the main office. (Tr. Vol. II p. 66). Hamiter was still "extremely irate" and continued to insist that something be done immediately. Tr. Vol. II p. 91. When they reached the conference room, Hamiter continued to yell and refused to sit down. The yelling prompted the principal to enter the room to see what was happening. The officers eventually forced Hamiter into the chair.

[6] A meeting was scheduled to occur in the conference room where Hamiter was being detained, so the officers were asked to take Hamiter across the hall. As the officers escorted Hamiter into another conference room, Hamiter yelled loudly, saying he was being abused by the police and begging those nearby to record a video of what was happening to him. The entire incident lasted almost

an hour. Hamiter was eventually arrested. On September 17, 2016, Hamiter was charged with Level 6 felony criminal trespass, Class A misdemeanor resisting law enforcement, and Class B misdemeanor disorderly conduct.

[7] A trial was held on January 10, 2018. At trial and after the jury had been impaneled, but before the presentation of the evidence, the trial court released the jury for lunch. Prior to the jury leaving, the trial court read to the jury the charging information but did not admonish the jury that they were not allowed to talk about the case with anyone. There was no objection by Hamiter to the trial court's failure to admonish the jury.

[8] At the end of the State's presentation of evidence, Hamiter moved for a judgment on the evidence with regards to the Level 6 felony trespass charge. The trial court granted his motion. At the conclusion of the trial, the jury found Hamiter not guilty of Class A misdemeanor resisting law enforcement but guilty of Class B misdemeanor disorderly conduct. That same day, the trial court sentenced Hamiter to one hundred and eighty days of incarceration, suspended one hundred and seventy-six days, and gave Hamiter credit for four days served.

# Discussion and Decision

[9] For the first time on appeal, Hamiter argues that the trial court erred by failing to admonish the jury before lunch. Hamiter contends that the trial court

committed fundamental error by failing to instruct the jury that it was not to deliberate or reach any conclusions prior to being given the case.

> A claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred. The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." This exception is available only in "egregious circumstances."

*Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (internal citations omitted).

[10] Hamiter argues that he did not receive a fair trial and should receive a new trial due to the trial court's failure to admonish the jury. Indiana Code section 35-37-2-4(a) states:

> The court shall admonish the jurors in the preliminary instruction, before separating for meals, and at the end of the day, that it is their duty not to converse among themselves or permit others to converse with them on any subject connected with the trial, or to form or express any opinion about the case until the cause is finally submitted to them.

[11] While we acknowledge that the trial court failed to admonish the jury pursuant to the letter of Indiana Code section 35-37-2-4(a), we cannot conclude that its failure amounts to fundamental error for two reasons. First, after lunch, before

the presentation of evidence, the jurors were given a preliminary instruction that they were not to form or express an opinion until after the case was given to them. Second, there has been no showing of harm or that the potential for harm was substantial. Hamiter points to nothing in the record indicating that the jury made up its mind during lunch, but before the evidence was presented to them. Hamiter merely speculates that the jury "may have conversed with each other or discussed their opinions about it while walking through the parking lot together[,]" and that "given the uncertainty of the juror's unadmonished conduct during . . . lunch, [he] did not receive a fair trial." Appellant's Br. p. 11. The mere possibility that the jury may have conversed or discussed their opinions regarding Hamiter's guilt before the presentation of evidence is insufficient to establish fundamental error. *See generally Lyons v. State*, 993 N.E.2d 1192 (Ind. Ct. App. 2013).

[12] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.