## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2018, 11:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan M. Truitt
Bertig and Associates, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Alexander Campbell, *Appellant-Defendant*, | November 30, 2018 |
| | Court of Appeals Case No. 18A-CR-1122 |
| v. | Appeal from the Porter Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable Roger V. Bradford, Judge |
| | Trial Court Cause No. 64D01-1512-MR-10382 |

**Brown, Judge.**

[1] Kevin Alexander Campbell appeals from his conviction for murder. Campbell raises one issue which we revise and restate as whether the trial court committed fundamental error in instructing the jury. We affirm.

## Facts and Procedural History

[2] Campbell was in a relationship with Tiara Thomas for fourteen years, and they had three children together. Campbell and Thomas separated, Thomas began dating Marqtell Robinson, and Thomas and Robinson began living together in January 2015. Campbell was ordered to pay child support and argued with Thomas about the support, what Thomas was doing with the money, and their children. Before picking up his children to spend the night with him on November 17, 2015, Campbell asked one of the children to bring a key to Thomas's apartment. Campbell picked up the children, Thomas and Robinson went to dinner together, and Robinson went to work and clocked in at about 10:45 p.m. Thomas and Robinson sent text messages to each other during the night, and the last text Robinson received from Thomas was at 4:56 a.m. on November 18, 2015.

[3] Robinson left work at 7:00 a.m. and drove home. When he arrived at the apartment, he discovered that the apartment door was unlocked. He entered the bedroom and reached for Thomas's hand, and a bullet casing fell from her wrist. Robinson looked around and saw blood on the wall, covers, and bed sheets. Thomas's hand was cold but she was still breathing, and Robinson

called 911. Thomas later died from her injuries, and it was determined that she had suffered four gunshot wounds including one to her head.

[4] On December 2, 2015, the State charged Campbell with the murder of Thomas. A ten-day jury trial was held in January 2018. The trial court gave Preliminary Instruction No. 1 to the jury which provided in part:

> Keep an open mind. Do not make a decision about the outcome of this case until you have heard all the evidence, the arguments of counsel, and my final instructions about the law you will apply to the evidence you have heard. . . .
>
> You may discuss the evidence with your fellow jurors during the trial, but only in the jury room, and only when all of you are present. Even though you are permitted to have these discussions[] [y]ou must not make a decision about the outcome of this case until final deliberations begin. Until you reach a verdict, do not communicate about this case or your deliberations with anyone else.

Appellant's Appendix Volume II at 85. Campbell did not object to the instructions. Throughout the trial, the court instructed the jury not to discuss the case except among themselves when they were all present in the jury room. One of the alternate jurors replaced a juror who had become ill during the trial. The jury found Campbell guilty of murder as charged, and the court sentenced him to fifty-five years.

## *Discussion*

[5] Campbell claims there can be no confidence in the verdict because the jurors were encouraged to discuss and consider the case prior to deliberations. He

argues that the length of the trial and the fact the jurors, including the alternate jurors, were encouraged to discuss the evidence deprived him of a fair trial. He concedes that he did not object to the court's instruction but argues that it constituted fundamental error. He states that the Indiana Supreme Court has held that discussions and deliberations are not the same but argues that the distinction is one of form and not of substance and contradicts common sense. The State maintains that no error, let alone fundamental error, occurred and that the court properly instructed and admonished the jurors that they could discuss the case among themselves before all the evidence was presented. It argues the court's instruction and admonishments were proper under Indiana Jury Rule 20, and the argument raised by Campbell that jurors should not be permitted to discuss the case during breaks has already been rejected.

[6] An error is fundamental if it made a fair trial impossible or constitutes a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm. *Durden v. State*, 99 N.E.3d 645, 652 (Ind. 2018). These errors create an exception to the general rule that a party's failure to object at trial results in a waiver of the issue on appeal. *Id*. This exception, however, is extremely narrow and encompasses only errors so blatant that the trial judge should have acted independently to correct the situation. *Id*.

[7] Indiana Jury Rule 20 governs preliminary instructions and provides in part:

(a)  The court shall instruct the jury before opening statements by reading the appropriate instructions which shall include at least the following:

\* \* \* \* \*

(8)  that jurors, including alternates, are permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence.  The court shall admonish jurors not to discuss the case with anyone other than fellow jurors during the trial.

[8]    In *Weatherspoon v. State*, this Court discussed Jury Rule 20 and observed that subsection (a)(8) of the rule went into effect on January 1, 2005, and at that time referenced jurors but not alternate jurors.  912 N.E.2d 437, 440 (Ind. Ct. App. 2009), *trans. denied*.  We further noted that, "[a]ccording to Chief Justice Shepard, Jury Rule 20(a)(8)"

is an important step in the process of reforming this state's jury system.  Besides helping jurors to clarify confusing issues of evidence when they occur, and helping jurors to follow the dynamics of trial, allowing jurors to discuss evidence during the trial treats them as they are: intelligent, responsible adults. Because so much of the public's perception of jury service is built upon anecdotal evidence related by those who have served on juries, treating jurors as capable adults is important not only for promoting a better legal result, but in helping to eliminate the public's conception of jury service as tedious, belittling, and pointless.

Allowing jurors to discuss the evidence before deliberations begin is an important step in reforming the Hoosier jury. . . .

*Id.* (citing Randall T. Shepard, *Jury Trials Aren't What They Used to Be*, 38 IND. L. REV. 859, 865 (2005)). We then observed that Jury Rule 20(a)(8) was again amended on September 10, 2007, effective January 1, 2008, in its current form to provide that alternate jurors are also permitted to discuss the evidence in the jury room during recesses from trial when all are present. *Id.*

[9] We noted that the defendant in *Weatherspoon* claimed that alternates discussing the case is the same as alternates deliberating the case, and alternates in Indiana are not permitted to deliberate. *Id.* We held:

> [T]he Indiana Supreme Court adopted and amended the Jury Rules, including the recent amendment to Jury Rule 20(a)(8), which provides that alternate jurors are permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence. We acknowledge Weatherspoon's argument that during discussions, alternate jurors talk about issues of credibility, highlight and discount certain evidence, and narrow and broaden the issues, all of which may affect the final judgment or verdict, yet these discussions are the very discussions that alternate jurors may not have during deliberations. Nevertheless, our Supreme Court has unambiguously made a distinction between discussions and deliberations. We are not at liberty to rewrite the rules promulgated by our Supreme Court.

*Id.* at 441. *See also Rice v. State*, 916 N.E.2d 962, 965-966 (Ind. Ct. App. 2009) (rejecting the defendant's argument that alternate jurors should not be permitted to participate in discussions because discussions are the functional equivalent of deliberations, agreeing with *Weatherspoon* that this Court may not rewrite the

rules promulgated by the Indiana Supreme Court, and holding that the trial court did not err in instructing the jurors that they were permitted to discuss the evidence among themselves in the jury room during recesses, but only when all of them were present, and that they should not form or express any conclusion or judgment about the outcome in the case until the court submitted the case to them for deliberations).

[10] Preliminary Instruction No. 1 given by the trial court was not inconsistent with Jury Rule 20, and in fact the rule expressly required the court to so instruct the jury. *See* Jury Rule 20(a). In its Preliminary Instruction No. 1, the court instructed the jurors that they were permitted to discuss the evidence with their fellow jurors during the trial but only in the jury room and only when all of them were present, not to make a decision about the outcome of the case until final deliberations began, and not to communicate about the case or deliberations with anyone else.

[11] Based upon the record and Jury Rule 20(a), the trial court did not err in giving Preliminary Instruction No. 1. We do not find persuasive Campbell's claim that he was deprived of a fair trial due to the length of the trial and the fact that the jurors were permitted to discuss the evidence. Campbell has not met his heavy burden of showing that the court's instruction and admonishments to the jury were prejudicial to his rights so as to make a fair trial impossible. The trial court did not err in instructing and admonishing the jury as Campbell asserts.

## *Conclusion*

[12]    For the foregoing reasons, we affirm Campbell's murder conviction.

[13]    Affirmed.

Bailey, J., and Bradford, J., concur.