**William R.D. BRITT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–1004–CR–253.

Court of Appeals of Indiana.

Dec. 1, 2010.

Anthony S. Churchward, Leonard, Hammond, Thoma & Terrill, Fort Wayne, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

William R.D. Britt ("Britt") was convicted in Allen Superior Court of Class B felony robbery, Class D felony criminal recklessness, and Class A misdemeanor carrying a handgun without a license. Britt appeals and argues that the trial court abused its discretion when it prevented Britt from introducing evidence of a defense witness's prior robbery conviction. We affirm.

### Facts and Procedural History

On November 22, 2008, Andrea Simon ("Simon") was working as a manager at a store in Fort Wayne, Indiana. Simon's son, Benjamin Busbee ("Busbee") and his girlfriend Angela Day ("Day") were also in the store late in the afternoon when two men entered, one of whom was wearing a ski mask and the other with a hood pulled up over his head. The taller of the two men pulled out a rifle, the shorter of the two pulled out a handgun, and the pair ordered everyone in the store to lie down on the floor. The two men took money from the cash register and from Simon's purse. After taking the money, the robbers fled out the back door of the store. Simon activated the store's alarm, and the police responded to the scene.

The three victims spoke to the police and gave descriptions of the robbers. Simon thought the two robbers had been in the store a few days before the robbery, and Busbee thought he recognized the shorter robber as someone he had played sports with in high school. After further investigation, the police began to suspect defendant Britt and Julian Grady ("Gra-

dy") as the shorter and taller robbers, respectively. On December 3, 2008, Fort Wayne Police Detective Timothy Vachon ("Detective Vachon") met with the three witnesses and showed them photo arrays containing photos of both Britt and Grady. Both Simon and Day identified Grady as the taller robber and Britt as the shorter robber. Busbee also identified Grady as the taller robber but identified Britt's brother, Brandon, as the person who most resembled the shorter robber. On January 7, 2009, Detective Vachon showed Busbee a different photo array with a more recent photo of Britt. This time, Busbee "immediately" identified Britt as the shorter robber. Tr. p. 205.

On February 4, 2009, the State charged Britt as follows: Count I, class B felony robbery; Count II, Class C felony and Class A misdemeanor carrying a handgun without a license; Count III, Class D felony pointing a firearm; and Count IV, Class D felony criminal recklessness. Prior to the start of the trial, the parties discussed the State's motion in limine which sought to prevent the defense from questioning Britt's brother Brandon regarding Brandon's prior robbery conviction. The defense planned on calling Brandon as a witness, and the State indicated that it did not plan to impeach Brandon with his prior conviction. Therefore, the State argued that Britt should not be permitted to mention the prior conviction on direct examination. Britt's counsel indicated that the only reason he would question Brandon regarding his prior robbery conviction would be to "soften the blow" if the prosecution were to impeach Brandon's credibility by way of the prior conviction. Tr. p. 6. The trial court seemed inclined to allow impeachment by way of the prior conviction, but took the matter under advisement.

A jury trial was held on March 16, 2010. Prior to the presentation of Britt's case-in-chief, the parties again addressed the question of whether the defense could question Brandon regarding his prior robbery conviction. The prosecution repeated its position that it had no intention of impeaching Brandon's credibility and that, therefore, the defense should not be allowed to mention the robbery. Britt's counsel argued that Evidence Rule 609 contained mandatory language regarding impeachment by former convictions and that he should therefore not be limited in his questioning of Brandon. He also insisted that he was not calling Brandon solely to impeach his credibility with the prior conviction. Ultimately, the trial court concluded:

> Well it sounds like what we're getting into is character evidence … and that evidence of a person's character as you know is generally not admissible to show that somebody acted in a manner consistent with that character. So it seems to me that's what we're getting into. A specific instance of conduct to show that this witness acted in conformity with that prior conviction which is obviously the intent. So I don't know how you can get in a conviction … if the State is not going to attack this witness['s] credibility I don't know how you can get into the fact that he's got a conviction for robbery to show that he must have been the robber in this specific instance, [be]cause that's clearly what it seems to me you're trying to do.

Tr. p. 193.

When called as a defense witness, Brandon testified that Britt was his younger brother and that Britt did not play sports in high school but had instead dropped out of school. Brandon further testified that he did play sports, specifically basketball, football, and track in high school. At the conclusion of the trial, the jury found Britt guilty as charged. The State subsequently

moved to dismiss that part of Count II that would enhance carrying a handgun without a license to a Class C felony, which the trial court granted. On April 12, 2010, the trial court sentenced Britt to the advisory sentence of ten years on Count I, a concurrent one-year sentence on Count II, and one and one-half years on Count IV, to be served consecutive to the sentence in Count I. The trial court vacated the conviction for Count III on double jeopardy grounds. Britt now appeals.

### Discussion and Decision

Britt claims that the trial court abused its discretion when it prohibited him from questioning Brandon regarding Brandon's prior conviction for robbery.[1] "Questions regarding the admission of evidence are within the sound discretion of the trial court, and we review the court's decision only for an abuse of that discretion." *Wells v. State,* 904 N.E.2d 265, 269 (Ind. Ct.App.2009), *trans. denied.* An abuse of discretion occurs only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Id.* To the extent that an evidentiary issue depends on the construction of a rule of evidence, and not the rule's application to any particular set of facts, our review is *de novo. Cook v. Whitsell–Sherman,* 796 N.E.2d 271, 277 (Ind.2003) (citing *Stahl v. State,* 686 N.E.2d 89, 91 (Ind. 1997)).

At issue here is Indiana Evidence Rule 609(a), which provides:

For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime shall be admitted but only if the crime committed or attempted is (1) murder, treason, rape, robbery, kidnapping, burglary, arson, criminal confinement or perjury; or (2) a crime involving dishonesty or false statement.

Britt argues that this rule is mandatory and that the trial court therefore had no discretion to exclude evidence of Brandon's prior robbery conviction. We agree with Britt that the language of Rule 609(a) is mandatory. *See Jenkins v. State,* 677 N.E.2d 624, 627 (Ind.Ct.App.1997) (noting that the admission of evidence under Evidence Rule 609(a), unlike its federal counterpart, is not subject to Evidence Rule 403, and therefore admission of such evidence is not subject to trial court discretion). But Evidence Rule 609(a) is expressly limited to those circumstances where the evidence of the prior conviction is being offered "[f]or the purpose of attacking the credibility of a witness." Evid. R. 609(a).

■ Had Britt wished to impeach his brother's credibility by introducing evidence that Brandon had a prior conviction for robbery, then the evidence of the robbery could have been admissible. But the trial court concluded that Britt was not attempting to impeach his brother's credibility but rather was attempting to show that, because Brandon had a prior convic-

---

1. The State initially claims that Britt failed to properly preserve any claim of error because he did not make an offer to prove. Error may not be predicated on a ruling which excludes evidence unless a substantial right of the party is affected *and* "the substance of the evidence was made known to the court by a proper offer of proof, or was apparent from the context within which questions were asked." Ind. Evidence Rule 103(a). Here, Britt did not make a formal offer to prove

regarding Brandon's prior conviction for robbery. Although we agree with the State that Britt should have made an offer to prove, we disagree that this is fatal to Britt's claim of error. It is apparent from the context of the discussions before the trial court that Brandon had a prior conviction for robbery, and this is sufficient to allow us to address Britt's claim of error on the merit s, which we prefer to do. *See Welch v. State,* 828 N.E.2d 433, 436 (Ind.Ct.App.2005).

tion for robbery, he was more likely than Britt to have committed the instant robbery. Evidence Rule 404(b) generally prohibits the admission of evidence of a person's "other crimes" to prove the person's character in order to show that the person acted in conformity therewith. And this prohibition applies to persons other than the defendant. *See Wells*, 904 N.E.2d at 270 (citing *Garland v. State*, 788 N.E.2d 425, 429–30 (Ind.2003)).[2]

■ Under the facts and circumstances of the instant case, we cannot say that the trial court abused its discretion in refusing to allow Britt's counsel to introduce evidence of Brandon's prior robbery conviction. Indeed, Britt used Brandon's testimony to show that Britt did not play sports in high school, thus calling into question Busbee's identification of the shorter robber as someone he had played sports with in high school.[3] He therefore had little to gain by attacking Brandon's credibility. Moreover, Britt concedes on appeal that "he was not attempting the [sic] attack his brother Brandon's credibility[.]" Appellant's Br. at 13. Because Britt was not attempting to impeach Brandon's credibility, Evidence Rule 609(a) is inapplicable. We therefore conclude that the trial court did not abuse its discretion in excluding evidence regarding Brandon's prior robbery conviction.

Affirmed.

BAKER, C.J., and NAJAM, J., concur.

2. Britt makes no claim that one of the exceptions to Evidence Rule 404(b) is applicable here.

3. Even though Evidence Rule 607 authorizes a party to impeach the credibility of his own witness, a party is forbidden from placing a witness on the stand if his sole purpose in doing so is to present otherwise inadmissible evidence cloaked as impeachment. *Appleton v. State*, 740 N.E.2d 122, 125 (Ind.2001). Because Britt called Brandon to testify about facts other than his prior robbery conviction, we agree with Britt that he did not call Brandon solely for the purpose of impeaching him.