

**FILED**

Jun 19 2019, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Newland, Jr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | June 19, 2019 <br><br> Court of Appeals Case No. 19A-CR-95 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Jane Woodward Miller, Judge <br><br> Trial Court Cause No. 71D01-1807-F5-155 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Donald Newland, Jr. (Newland), appeals his conviction for burglary, a Level 5 felony, Ind. Code § 35-43-2-1.

We affirm.

# ISSUE

Newland presents this court with one issue on appeal, which we restate as: Whether the trial court abused its discretion by preventing Newland from cross-examining a witness on the specific facts and circumstances surrounding the witness' prior conviction.

# FACTS AND PROCEDURAL HISTORY

On May 31, 2016, John Hensley (Hensley), the owner of the Blarney Stone Bar, in South Bend, Indiana, noted a suspicious check drawn on the business' bank account and made out to Chaz Coburn (Coburn) in the amount of $300. The check was dated May 24, 2016, and had been deposited the following day. Hensley kept his business checks—including some checks that were pre-signed—in a safe on the second floor of the bar. As Hensley did not know Coburn, he had not authorized or written a check to him. Hensley contacted his security company to check the bar's opening and closing logs. The log indicated an opening and closing on May 25, 2016, around 2:00 p.m., at a time when the bar is typically closed. When checking the footage of the security cameras for that day and time, Hensley recognized Newland entering the bar,

going upstairs to the office, using the key pad to enter the office, and moments later leaving the office while holding a piece of paper.

[5] Newland is married to Hensley's sister and had worked for Hensley in the bar by cleaning and working security. His employment ended in April 2016. After Newland was terminated, he did not have permission to enter the bar when Hensley was not there.

[6] On July 31, 2018, the State filed an Information, charging Newland with Count I, burglary, a Level 5 felony, and Count II, theft, a Class A misdemeanor. On November 12, 2018, the trial court conducted a jury trial. During the trial, Coburn testified as a State's witness. He affirmed that Newland gave him the check, which he cashed, and then Coburn gave Newland some of the money. He also informed the jury that he voluntarily had given a false statement to an attorney to protect Newland. In this statement, Coburn admitted that he had "filled out the check and cashed it." (Defendant's Exh. B). On direct testimony, Coburn stated that he had prior convictions for theft, conversion, and auto theft, and was currently in jail. On cross-examination, Newland again asked Coburn about his prior convictions, which the State objected to as being "cumulative." (Transcript p. 68). In response, Newland argued that the State had opened the door and he was "entitled to explore that issue." (Tr. p. 68). In addressing Newland's argument, the trial court explained

> [the State] merely impeached [Coburn] as the rules permit by evidence of a prior conviction. Rule 609. He absolutely followed the way in which it is to be done. And I don't understand the

argument that by doing exactly what the rules allow him to do and in the way the rules allow him to do it he has opened the door to allow you to explore these prior convictions. And I am assuming, though perhaps I am wrong, you are hoping to explore them in a way that would suggest that because he was the kind of guy that would commit a crime of theft in the past he could have done this, which is exactly the forbidden inference that 404(b) describes.

(Tr. p. 69). Newland responded to the trial court by stating that Indiana Trial Rule 404(b) "protect[s] a defendant not a witness." (Tr. p. 69). The trial court clarified that "Rule 609 applies to each witness as does 404(b)." (Tr. p. 69). After the trial court sustained the State's objection, Newland made an offer of proof, in which he established that Coburn's 2016 conviction for theft was for theft from his place of employment, which was a bar.

[7] At the close of the evidence, the jury found Newland guilty of burglary. On December 13, 2018, the trial court sentenced Newland to four years, with the first two years being served at the Indiana Department of Correction, one year served in community corrections, and one year suspended.

[8] Newland now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[9] Newland contends that the trial court abused its discretion when it prohibited him from cross-examining Coburn about the specifics of his prior theft conviction. While the Sixth Amendment right of confrontation assures a defendant's right to cross-examine witnesses, this right is subject to reasonable

limitations by trial courts. *Logan v. State*, 729 N.E.2d 125, 134 (Ind. 2000). As such, the trial court has wide determination to determine the scope of cross-examination, and only an abuse of discretion warrants reversal. *Seketa v. State*, 817 N.E.2d 690, 693 (Ind. Ct. App. 2004). An abuse of discretion occurs only where the trial court's discretion is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Wells v. State*, 904 N.E.2d 365, 369 (Ind. Ct. App. 2009).

[10] Generally, when a prior conviction is introduced for impeachment purposes, the details of the conviction may not be explored. *Oliver v. State*, 755 N.E.2d 582, 586 (Ind. 2001); *see also* Ind. Evid. Rule 609(a) (allowing impeachment by evidence of certain "infamous crimes" and crimes involving dishonesty or false statement). In other words, a witness may be questioned only about whether he or she had been previously convicted of a particular crime, not the circumstances surrounding the conviction. *Id*. However,

> [w]hen a party touches upon a subject in direct examination, leaving the trier of fact with a false or misleading impression of the facts related, the direct examiner may be held to have opened the door to the cross examiner to explore the subject fully, even if the matter so brought out on cross examination would have been otherwise inadmissible.

*Id*. (citing *Tawdul v. State*, 720 N.E.2d 1211, 1217-18 (Ind. Ct. App. 1999), *trans. denied*).

[11] We agree with the trial court that the State did not open the door to further questioning about Coburn's theft conviction. In accordance with Evid. R. 609,

Coburn's theft conviction was admissible and relevant with regard to his credibility as a witness. The State merely questioned him whether he had been convicted of theft in 2016, to which Coburn responded affirmatively. The State did not inquire into the particulars of the conviction. As Newland made no showing that the jury was misled by learning of this conviction, the trial court properly limited Newland's cross-examination.

[12] Referencing federal case law, Newland maintains that Evid. R. 609 "does not limit the use of evidence of prior convictions for purposes other than impeachment." (Appellant's Br. p. 8). Nevertheless, Indiana case law has consistently held that the applicability of Evid. R. 609 "is expressly limited to those circumstances where the evidence of the prior conviction is being offered [f]or the purpose of attacking the credibility of a witness." *See, e.g., Britt v. State*, 937 N.E.2d 914, 917 (Ind. Ct. App. 2010).

[13] Moreover, building upon his argument before the trial court, Newland argues that he should have been allowed to delve into the details surrounding Coburn's theft conviction because such evidence falls within the exceptions of Evid. R. 404(b). Indiana Evidence Rule 404(b) generally prohibits the admission of evidence of a person's "other crimes" to prove the person's character in order to show that the person acted in conformity therewith. "It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Evid. R. 404(b). The traditional purpose of Evid. R. 404(b) has been to protect a defendant from being convicted based on unrelated prior bad acts. *Garland v.*

*State*, 788 N.E.2d 425, 428 (Ind. 2003). More recently, courts have begun to apply Rule 404(b) to evidence about the bad acts of non-parties. *Id.* at 429. Under what has come to be called "reverse 404(b)," courts have held that "a defendant can introduce evidence of someone else's conduct if it tends to negate the defendant's guilt." *Id.*

[14] In a footnote, Newland claims that the particulars surrounding Coburn's theft conviction "would fall into the exceptions found in Evid. R. 404(b)(2), such as motive, plan, or identity." (Appellant's Br. p. 9, n.3). We are not persuaded. Rather, Newland's real motivation to introduce the circumstances surrounding Coburn's prior theft conviction can be gleaned from Newland's offer to prove in which he established that Coburn's 2016 conviction for theft was for theft from his place of employment, which was a bar. It is apparent that his strategy was to place before the jury the details of Coburn's previous conviction for the sole purpose of creating the forbidden inference, namely, prior wrongful conduct in similar circumstances suggests present guilt. *See Byers v. State*, 709 N.E.2d 1024, 1026-27 (Ind. 1999) (commenting that Indiana Evidence Rule 404(b) is designed to prevent the jury from making the "forbidden inference"). Accordingly, we conclude that the trial court properly prevented Newland from further cross-examining Coburn on his prior conviction.

## CONCLUSION

[15] Based on the foregoing, we hold that the trial court did not abuse its discretion by prohibiting Newland from cross-examining Coburn on the specific facts and

circumstances surrounding Coburn's prior conviction pursuant to Indiana Rule of Evidence 609.

[16] Affirmed.

[17] Bailey, J. and Pyle, J. concur