# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2020, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donnie Shirrell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | May 22, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2883<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Angela Dow Davis, Judge<br><br>The Honorable Matthew Kubacki, Judge Pro Tempore<br><br>Trial Court Cause No.<br>49G16-1907-CM-26123 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Donnie Shirrell was found guilty of invasion of privacy for violating a protective order his ex-girlfriend had against him. The trial court sentenced him to 365 days in the Marion County Jail, with credit for ten days served in pre-trial detention and the remaining 355 days suspended to probation. The court also ordered him to pay $185 in court costs and the "[s]tandard costs of probation." Appealed Order at 2. Shirrell now appeals, arguing that the trial court abused its discretion in not ordering a specific amount of probation costs. Concluding the trial court was required to state the specific amount of probation costs Shirrell is obligated to pay, we remand.

# Facts and Procedural History

[2] In early 2019, K.H. broke up with Shirrell after several years of dating and thereafter sought and was granted a protective order against Shirrell that was to expire on April 16, 2021. Shirrell was served with a copy of the protective order. In June of 2019, K.H. reported to the Indianapolis Metropolitan Police Department that Shirrell was harassing her in violation of the protective order. Specifically, he had contacted her numerous times in April, May, and June through various means including texts, emails, and Facebook messages.

[3] The State charged Shirrell with invasion of privacy, a Class A misdemeanor. Immediately following the bench trial where Shirrell was found guilty, the trial court sentenced him as follows:

> I am going to sentence[] you to 365 days in the Marion County Jail . . . plus five days good time credit for ten [total days] – 355 days suspended. On that suspended time, you will be placed on probation so it will be standard probation; standard terms and conditions of probation. . . . No . . . [c]ontact with [K.H.] for the balance of the suspended time of 355 days. . . . I will access [sic] court costs in the amount of $185.00 and I will not impose a fine. *The standard costs of probation*.

Transcript, Volume II at 57-58 (emphasis added).[1] The court did not specify what probation costs were "standard" nor did it specify an amount for each category. The written sentencing order includes a section titled "Sentencing Conditions" that states, "365 days probation, random drug and alcohol testing. Can petition for non reporting probation after 3 months if no violations. *Standard costs of probation*." Appealed Order at 2 (emphasis added). The sentencing order also includes a section titled "Monetary Obligations" that shows several line items and specific amounts for court costs, but no line items or amounts for probation costs.[2] Additionally, the probation order issued the same day shows fourteen standard conditions, including the following:

---

[1] A no-contact order with K.H. was also entered for the duration of Shirrell's probation. *See* Appellant's Appendix, Volume II at 69-70. In addition, at the time Shirrell was charged in this case, he was on probation for another case out of Shelby County. His probation in this case was ordered to begin when his probation in Shelby County ended.

[2] In addition to the $185.00 in various court costs, Shirrell was assessed a $50.00 Supplemental Public Defender Fee. *Id.*

14. pay all Court-ordered fines, costs, fees and restitution as directed. You may request a financial assessment from your probation officer to determine your ability to pay all fees imposed by the Court (see below), and any additional fees or costs required by law.
   a) Probation Administrative Fee: Felony $100.00//Misdemeanor up to $50.00:                 Ordered $: _____;
   b) Initial Probation User Fee: Felony – between $25.00 and $100.00; Misdemeanor – between $0.00 and $50.00   Ordered $: _____;
   c) Monthly Probation Fee: Felony – between $15.00 and $30.00 per month; Misdemeanor – between $10.00 and $20.00 per month:
                                           Ordered $: _____;

Appellant's App., Vol. II at 14. Under "Special Conditions," the probation order again states "Standard costs of probation." *Id.* Shirrell now appeals the order that he pay "standard costs of probation," requesting remand for the imposition of specific costs.

# Discussion and Decision

## I. Standard of Review

[4] Sentencing decisions include decisions to impose fees and costs. *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). We review a trial court's sentencing decision for an abuse of discretion. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). An abuse of discretion occurs only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Newland v. State*, 126 N.E.3d 928, 931 (Ind. Ct. App. 2019).

## II. Costs of Probation

[5] When a defendant is convicted of a misdemeanor, the trial court *may* impose certain probation fees. Ind. Code § 35-38-2-1(e); *cf.* Ind. Code § 35-38-2-1(d) (setting out the range of probation fees a trial court *must* impose for a felony conviction). If the probation department later wants to alter the fees imposed

by the trial court, it must petition the trial court to impose or increase the probation fees and demonstrate that there has been a change in the financial ability of the probationer while on probation. Ind. Code § 35-38-2-1.7(b). But it is the trial court, not the probation department, that has the initial discretion to impose probation fees in a misdemeanor case. *Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017). The probation department only has the authority to *collect* the fees ordered by the trial court. Ind. Code § 35-38-2-1(f).

[6] We have recently vacated probation fees in several cases in which the trial court's sentencing and probation orders had not imposed specific probation fees but instead the probation department had imposed probation fees after sentencing. *See*, *e.g.*, *De La Cruz v. State*, 80 N.E.3d 210, 214 (Ind. Ct. App. 2017) (vacating probation fees imposed by probation department after sentencing because trial court's "probation order, along with the absence of a clear statement [by the trial court] imposing probation fees, shows the trial court's intent not to impose such fees"); *Burnett*, 74 N.E.3d at 1224, 1227 (vacating probation fees imposed by probation department after sentencing because although trial court stated certain fees and costs were "in addition to your various probation fees that are required[,]" the sentencing and probation orders were silent as to those fees); *Coleman v. State*, 61 N.E.3d 390, 393-94 (Ind. Ct. App. 2016) (vacating probation and other fees that appeared on defendant's case transaction summary one day after sentencing that were not designated by the trial court in the probation order). Unlike those cases, the record before us does not show that probation fees have been assessed against Shirrell by the

probation department. But like those cases, the trial court is the only entity authorized to impose those fees and although the trial court here clearly stated its intention to impose probation fees, it failed to do so. *See* Brief of Appellant at 9 (acknowledging the trial court "did explicitly state it was ordering probation fees").

[7] The State argues the trial court was not required to set the amount of fees at the time of sentencing because the trial court is required to hold an indigency hearing when it imposes costs, and indigency is "more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration[.]" Brief of Appellee at 6 (quoting *Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002)). But Shirrell was not ordered to execute any part of his sentence, so this reasoning does not hold water. He was to immediately begin serving probation, and, presumably, immediately pay his "probation administrative fee," "initial probation user fee," and begin to pay his "monthly probation fees." *See* Appellant's App., Vol. II at 14. The State further argues that if there is no obligation to hold an indigency hearing until a defendant completes probation, *see Johnson*, 27 N.E.3d at 795, there can be no obligation to set the amount of fees until the defendant has completed probation, either, *see* Br. of Appellee at 6-7. However, the court in *Johnson* stated that "[w]e find no requirement that a trial court should conduct an indigency hearing *at the time* probation fees are ordered[,]" implicitly acknowledging that the assessment of fees is to be done at the time of sentencing even if the determination of whether the defendant can afford to pay them can be deferred. 27 N.E.3d at 794

(emphasis added); *see Kimbrough v. State,* 911 N.E.2d 621, 636 (Ind. Ct. App. 2009) ("[S]entencing decisions, *including* decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion.") (emphasis added). A defendant cannot begin to pay probation fees if he does not know the amount he is obligated to pay.[3]

[8] The probation order in this case accurately sets out the range of fees that may be imposed in a misdemeanor case. *See* Appellant's App., Vol. II at 14. And because there is a *range*, there are no "standard costs of probation." Instead, the trial court is required to set an amount within the appropriate range in each case and yet the spaces for the ordered amount of each type of probation fee were left blank in this case. *See id.* Accordingly, we hold the trial court abused its discretion because the order to pay probation costs was not made as provided by statute. *See Newland*, 126 N.E.3d at 931. Shirrell requests that we remand so the trial court may determine the amount of probation fees he is obligated to pay. *See* Br. of Appellant at 9. In accordance with Indiana statutes making such assessment within the discretion of the trial court and with our determination that the assessment should be made at the time of sentencing, we

---

[3] If an indigency hearing can be held on the last day of a defendant's probationary period, and, according to the State, fees can also be assessed at that time, then the logical conclusion is that the defendant could be required to pay the sum total of his fees immediately or risk being found in violation of the conditions of his probation. Additionally, there would be no purpose to a "monthly probation user fee" if the fee cannot be paid monthly during the term of probation.

remand to the trial court to assess the appropriate amount of probation fees and amend its sentencing and probation orders accordingly.

# Conclusion

[9] The trial court was clear in its intention to impose probation costs on Shirrell; it was therefore required to state the specific amount of those costs. We remand to the trial court with instructions to amend its orders to reflect the specific costs imposed.

[10] Remanded.

May, J., and Vaidik, J., concur.